IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF IDAHO, and SAN JOAQUIN VALLEY AIR POLLUTION CONTROL DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>J. R. SIMPLOT COMPANY<br><br>Defendant. | Case No.  1:15-CV-562-BLW<br><br>**MEMORANDUM DECISION AND ORDER APPROVING CONSENT DECREE** |

## INTRODUCTION

The Court has before it a motion to enter a proposed Consent Decree.  Defendant Simplot has no objection.  Following a public comment period, no objections have been filed with the Court.  For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

The Government filed this lawsuit against Simplot, alleging that it failed to obtain permits under the Clean Air Act when it modified five of the facilities it operates to make sulfuric acid (one of which is located in Pocatello Idaho).  At the same time, the Government also filed a proposed Consent Decree, to which Simplot agreed.  After two months of public comment period on the Consent Decree, the Government has now filed a motion to enter the consent decree.  Simplot does not object.

The Consent Decree requires Simplot to meet strict emission rates at all five of its sulfuric acid production plants.  It also requires Simplot to pay an $899,000 civil penalty

**Memorandum Decision & Order – page 1**

and to contribute $200,000 towards a mitigation project in the San Joaquin Valley designed to replace old wood or pellet-burning devices with new, cleaner options. The civil penalty will be divided between the United States ($732,000, plus interest) and the State of Idaho ($167,000, plus interest)

The Government estimates that the compliance requirements of the Consent Decree will reduce the sulfur dioxide emissions from Simplot's five sulfuric acid plants by approximately 50%, along with additional emission reductions of carbon monoxide and other hazardous air pollutants. The Consent Decree also contains both short-term and long-term monitoring protocols.

The Court must consider whether the Consent Decree is "procedurally and substantively fair, reasonable, in the public interest, and consistent with the policies of [the underlying statute]." *Nu-West Mining Inc. v. U.S.,* 2013 WL 828191, at *2 (D. Idaho March 6, 2013), citing *United States v. Aerojet,* 606 F.3d 1142, 1152 (9th Cir. 2010). The Court must give deference in its analysis to the Government's evaluation of the proposed settlement, and is not to "second guess the judgment of the parties" in determining the settlement's fairness. *Nu-West Mining* at *2. The Court must either accept or reject the decree as submitted; it does not have the authority to modify the decree. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982).

Simplot's Pocatello facility is adjacent to the Shoshone-Bannock Tribes' Fort Hall Reservation. The Tribes, while expressing overall support for the Consent Decree, raised two points during the public comment period. First, they requested that the Government

**Memorandum Decision & Order – page 2**

provide them with all reports and notices that Simplot is required to submit to the EPA under the Consent Decree, at least as to the Pocatello facility. The Government has agreed to do so, and no modification of the Consent Decree is necessary. The Tribes also asked for the Government to do ambient air monitoring at their Reservation boundary. But extensive monitoring is already required by the Consent Decree, and so it was reasonable for the Government to deny that request at the conclusion of the public comment period. The Tribes have not pursued their request by seeking to intervene in this case or make any argument here.

The Consent Decree enforces the purposes of the Clean Air Act, and the Government has followed all procedural requirements for its entry. The Court finds that the Consent Decree is fair and reasonable, and further that it is consistent with the purposes of the Clean Air Act. For all of these reasons, the Court will approve the Consent Decree.

## ORDER

Pursuant to the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to enter consent decree (docket no. 8) is GRANTED. The Court hereby APPROVES and INCORPORATES FULLY BY REFERENCE HEREIN, the Consent Decree contained as Exhibit 1 to the Notice (docket no. 2).

IT IS FURTHER ORDERED, that the Clerk shall close this case.

DATED: April 12, 2016



_____
B. Lynn Winmill
Chief Judge
United States District Court